```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Duane Gibson,                       :

      Plaintiff,            :     Case No. 2:12-cv-955
  v.
                                  :     JUDGE MICHAEL H. WATSON
John DesMarais, et al.,                   Magistrate Judge Kemp
                                  :

      Defendants.


                              ORDER

    This prisoner civil rights case is before the Court for a ruling on whether plaintiff should be allowed to proceed *in forma pauperis*.  Defendants argue that he should not because he has had at least three prior cases or appeals dismissed under circumstances that trigger the "three strikes" provision of the Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. §1915(g).  For the following reasons, Mr. Gibson will be allowed to proceed *in forma pauperis*.

    28 U.S.C. §1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants cite to three cases previously filed by Mr. Gibson, and two appeals, as their evidence that he has incurred enough dismissals to trigger the application of this provision.  Those cases are:

    1.  <u>Gibson v. O'Connor</u>, Case No. 2:12-cv-120 (S.D. Ohio), and the appeal in that case, Case No. 12-3560 (6th Cir.);

    2.   Gibson v. Rose, Case No. 1:12-cv-1509 (N.D. Ohio); and

    3.   Gibson v. Unruh, Case No. 5:10-cv-466 (N.D. Ohio), and the appeal in that case, Case No. 10-3631 (6th Cir.).

They mention a fourth case, Woods v. Moore, Case No. 2:10-cv-1030, in which the docket sheet lists Mr. Gibson as a plaintiff, but they acknowledge that he did not sign the complaint and was not treated as a party. This Court agrees that the dismissal of that case cannot count against Mr. Gibson, so the question is whether the other three cases constitute three or more "strikes."

    The Court cannot agree that, prior to the time this case was filed (which was, at the latest, June 22, 2012), Mr. Gibson had incurred three strikes. The second case cited above, Gibson v. Rose, was not dismissed until July 23, 2012. The appeal in the first case, Gibson v. O'Connor, was not dismissed until November 9, 2012, and the order concluding that he had not stated a valid claim on appeal was entered on September 28, 2012. This Court has previously held that strikes incurred after a case has been filed do not affect the prisoner's right to proceed *in forma pauperis* in a case filed before the strikes occur. Brown v. Timmerman-Cooper, 2011 WL 1429078 (S.D. Ohio Apr. 14, 2011), adopted and affirmed 2011 WL 1740706 (S.D. Ohio May 4, 2011).

    That leaves as potential strikes the dismissal of Gibson v. O'Connor and Gibson v. Unruh and the dismissal of the appeal in the latter case. All of these events did occur prior to June 22, 2012. However, Magistrate Judge King of this Court has held that the dismissal of a case, and the affirmance of that dismissal on appeal, do not count as separate strikes. See Whiteside v. Collins, 2011 WL 6934500 (S.D. Ohio Aug. 23, 2011), adopted and affirmed 2011 WL 6934495 (S.D. Ohio Dec. 30, 2011). Although noting that the question has not been definitively resolved by

the Court of Appeals for this Circuit, Judge King, relying on decisions from other Courts of Appeal and from district courts within the Sixth Circuit, held "that the affirmance on appeal from a trial court's dismissal of a case does not alone count as an additional 'strike' for purposes of the 'three strikes' provision of the PLRA." Whiteside v. Collins, 2011 WL 6934500, *2.  Thus, it would appear that prior to filing this case on June 22, 2012, Mr. Gibson had incurred only two strikes, namely the dismissals of Gibson v O'Connor and Gibson v. Unruh.  He now has three strikes, but he did not then.

    Mr. Gibson filed a separate motion for leave to proceed *in forma pauperis* in this case once it was severed from the case which he and another inmate, Thomas Maxwell, filed jointly.  The Court grants that motion (#7).  A separate order assessing the filing fee will be issued.

    Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge