```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Duane Gibson,                   :

        Plaintiff,         :    Case No. 2:12-cv-955

  v.                            :    JUDGE MICHAEL H. WATSON

John DesMarais, et al.,         :    Magistrate Judge Kemp

        Defendants.        :


REPORT AND RECOMMENDATION

This is a prisoner civil rights case. Plaintiff, Mr. Gibson, now a former prison inmate, originally filed a joint Complaint with inmate Thomas Maxwell against twenty (20) defendants. (Doc. 1). This Court found that Mr. Gibson's and Mr. Maxwell's claims had been improperly joined and ordered a separate case to be docketed for each of them. (Doc. 4). In addition, this Court dismissed sixteen of the named Defendants and all associated claims against them for failure to state a claim upon which relief could be granted. (Doc. 12). The four defendants that remain in this case are Major Mapp, M. Bradshaw, Dr. Fannon, and Dr. Granson.

I.

On July 7, 2014, defendants filed a motion for summary judgment, together with a supporting memorandum of law (Doc. 28). Mr. Gibson's memorandum opposing the motion was due on July 31, 2014. On August 8, 2014, this Court noted that no memorandum had been filed, and ordered Mr. Gibson to file a memorandum within 14 days. (Doc. 29). This Court advised Mr. Gibson that failure to do so may result either in the motion being treated as unopposed, or dismissal of this action for failure to prosecute. More than a month has passed and Mr. Gibson has not responded to that order.

II.

If a plaintiff fails to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). Link v. Wabash R. Co., 370 U.S. 626 (1962); Boudwin v. Graystone Insurance., 756 F.2d 399 (5th Cir. 1985). In determining whether dismissal for failure to prosecute is appropriate, the court examines four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (quoting Mulbah v. Detroit Bd. Of Educ., 261 F.3d 586, 590 (6th Cir. 2001); see also Knoll v. American Tel. & Tel., 176, F.3d 359 (6th Cir. 1999) (citations omitted). Those factors "are not required elements," but rather "guideposts or points of departure." Muncy v. G.C.R., Inc., Fed.App'x 552, 555 (6th Cir. Sept. 7, 2004)(emphasis in original). The sanction of dismissal without prejudice, which is the sanction considered by the Court here, is more lenient than a dismissal with prejudice and "thus the controlling standards should be greatly relaxed in cases such as the one sub judice, because the dismissed party is ultimately not irrevocably deprived of his day in court." Id. at 556 (internal citations omitted).

### III.

The facts of this case indicate a clear failure to prosecute. Regarding the first factor, whether the party's failure is due to willfulness, bad faith, or fault, Mr. Gibson was required under Local Rule 7.2(a)(2) to file a memorandum opposing the motion for summary judgment within 21 days from the date of the service of the motion. When he failed to do so, this Court specifically advised Mr. Gibson that failure to file a response within 14 days might

2

result either in the motion being treated as unopposed, or in dismissal of this action for failure to prosecute.  Neither the defendants' motion for summary judgment nor the Court's order was returned as undeliverable.  Mr. Gibson has offered no justification for his failure to respond.  This demonstrates at least a "reckless disregard for the effect of [his] conduct on those proceedings." Mulbah, 261 F.3d at 591 (internal quotation marks omitted).  The second factor, whether the adversary was prejudiced by the dismissed party's conduct, does not weigh strongly here, but the third factor, whether the dismissed party was warned that failure to cooperate could lead to dismissal, supports dismissal.  Lastly, the fourth factor, whether less drastic sanctions were imposed or considered before dismissal of the action, supports dismissal without prejudice because that is a less drastic sanction than dismissal with prejudice.

IV.

For the foregoing reasons, the Court recommends that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>/s/Terence P. Kemp</u><br>
United States Magistrate Judge